# WILLIAMS *vs.* STURDEVANT.

[BILL IN EQUITY FOR RESCISSION OF CONTRACT ON GROUND OF FRAUD.]

1. *Variance between allegations and proof.*—When a bill is filed to obtain the rescission of a contract on the ground of fraud, while the evidence shows only an honest mistake, the variance between the allegations and proof is fatal.

2. *Costs.*—The bill in this case having been dismissed on account of a variance between the allegations and proof, the costs were imposed on the complainant, because he had manifested a desire by no means commendable to get rid of his bargain, when only a small portion of the land, of which he retained undisturbed possession, had (through mistake) been omitted from his conveyance, and his vendor was solvent.

APPEAL from the Chancery Court of Wilcox.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellant, John S. Williams, against Willis Sturdevant, to obtain the rescission of a contract for the purchase of a large tract of land, on the ground of fraud on the part of the vendor. The entire tract purchased contained about five hundred and fifty acres, of which a forty-acre tract was omitted from the conveyance. The bill alleges that this omission was fraudulent—that the vendor, as he well knew at the time of the contract, did not have the legal title to this tract, and knowingly concealed that fact from the complainant; and that when complainant, on discovering the defect in his conveyance, applied to said Sturdevant for the re-payment *pro rata* of the purchase money, the latter confessed that he had knowingly sold the land when he had not the legal title. It further alleges, that the legal title to said tract is in one Jesse Reeves, who was defendant's vendor ; that an execution against said Reeves has been levied on the tract ; that complainant, since the levy of the execution, has tendered back the land, and demanded a rescission of the contract ; and that defendant has refused to rescind.

The defendant answered the bill ; admitting the contract of sale as alleged, and denying all the allegations of fraud. He states that he purchased all the lands from said Reeves, and received his conveyance for the same ; that when he sold the lands to complainant he supposed that he had the legal title to the entire tract; that he is an illiterate man—not being able to read or write ; that the forty-acre tract in dispute was, through mistake, omitted out of the deed from said Reeves to himself, and the mistake was afterwards carried into his deed to complainant,—the description of the land being copied from one deed into the other ; that he knew nothing of the mistake until informed of it by complainant a short time before the filing of the bill ; that complainant only informed him that there was a mistake, without pointing it out, and insisted on a rescission of the entire contract ; that so soon as he ascertained, through the assistance of a friend, in what the mistake consisted, he immediately had a corrected deed prepared, and despatched a messenger with it to said Reeves, who had removed to Arkansas; that Reeves signed the corrected deed, conveying said tract of land to res-

pondent, who then executed a corrected deed to complainant, and tendered it to him. And these corrected deeds are made exhibits to the answer.

The contract of sale was made in October, 1846, and the bill was filed in May, 1850.; while the corrected deeds exhibited with the answer bear date the 14th June and 15th July, 1850. The testimony in the case fully sustains the allegations of the answer as to the mistake and omission in the description of the land. It was admitted, as appears from an agreement of record, that a judgment creditor of said Reeves had levied on the land, that he was enjoined by the defendant, and that the injunction suit was still pending and undecided when this cause was heard. On final hearing, the chancellor dismissed the bill, and his decree is now assigned for error.

WATTS, JUDGE & JACKSON, for the appellant, contended,—

1. That the contract between the parties was entire, and could not be severed without consent ; and the appellant was therefore entitled to the whole of the lands purchased, and might refuse to take a part only.

2. That the corrected deed of Reeves could not convey a good title, because his creditors had acquired liens on the land by actual levies. The interposition of chancery was necessary ; and when this cause was heard, the power of that court, though invoked, had not been exercised ; and on final hearing, if the court should refuse the injunction, the land will be sold. The chancellor, therefore, should have either decreed a rescission of the contract, or should have continued the case until the suit against the attaching creditor was disposed of.

3. There is no proof in the record that the deeds ever were corrected. The exhibits, purporting to be copies of the corrected deeds, are not shown to have been proved, or even offered in evidence.

4. If the dismissal of the bill was correct, the costs should have been awarded against the defendant, because the complainant had just cause for filing his bill ; and if the title was ever perfected, it was not done until after the bill was filed. The decree, therefore, even if affirmed, should be varied as

to the costs.—Alexander v. Alexander, 5 Ala. 517; Gray v. Gray, 15 *ib.* 779.

B. WILLIAMSON, *contra*, contended, among other things, that the variance between the allegations and proof was fatal to the relief sought by the bill; and cited the following cases: Pierce v. Brassfield, 9 Ala. 973; Graham v. Tankersley, 15 *ib.* 634; Julian v. Reynolds, 11 *ib.* 960; Ansley v. Robinson, 16 *ib.* 793.

CHILTON, C. J.—The chancellor, in our opinion, very properly dismissed the bill in this case. Its title to relief is, an alleged palpable fraud in selling land by defendant to complainant, to which defendant had no title, and which fraud, the bill charges, was afterwards admitted by the defendant. Both the answer and the proof show that there was no pretext for such an allegation. On the contrary, the defect in the legal title to a very inconsiderable portion of the entire tract was occasioned by an innocent mistake in the deed from Reeves to the appellee, which was carried into his deed to the appellant. This mistake was promptly corrected by the appellee, as soon as his attention was called to it, in procuring a corrected deed from his vendor, Reeves, and in the execution of a correct one to the appellant. The creditors of Reeves have no right in equity, upon the facts here disclosed, to interfere with this fraction of land, and it appears the appropriate remedy has been resorted to for the purpose of enjoining them. Had the appellant alleged the mistake, and made Reeves and the attaching creditors parties, as well as the appellee, he would, under the facts disclosed by the answer and proof, have clearly entitled himself to a correction of the conveyances, thus perfecting his title by remedying the mistake. He would, doubtless, in such case, have been protected in the cost. But he has not seen proper to do this. He has chosen to set up fraud as a ground of being relieved from the entire contract. He has failed in this, and upon his allegations he can have no relief. He must recover, if at all, upon the case made by the bill.—See McKinley v. Irvine, 13 Ala. 681; Wiley Banks & Co. v. Knight, at the present term, and cases cited.

We do not regard this as a case in which the appellant should recover costs. He has evidently manifested a desire, which is by no means commendable, to get rid of his bargain, the ground of complaint being, at the most, a very small matter, and one which could readily have been remedied. He has never been disturbed in the quiet enjoyment of all the land he purchased, and all the while has had a solvent vendor to stand between him and any danger to which he was exposed by reason of failure or want of title. Upon the whole, we think the decree should be affirmed, and the appellant should be taxed with all the costs.

Decree affirmed.